**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4400-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MANUEL MEDINA,

     Defendant-Appellant.

_____

Argued January 5, 2022 – Decided January 20, 2022

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6251.

James A. Abate argued the cause for appellant (Law Offices of James A. Abate, LLC, attorney; James A. Abate, of counsel and on the brief).

Meredith L. Balo, Assistant Prosecutor, argued the cause for respondent (William A. Daniel, Union County Prosecutor, attorney; Meredith L. Balo, of counsel and on the brief).

PER CURIAM

Defendant Manuel Medina appeals from a July 10, 2020 order of the Superior Court, Law Division, finding him guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50, and refusal to submit to a breath sample, N.J.S.A. 39:4-50.2 and -50.4(a).  We affirm.

The facts are undisputed.  In accordance with a plea agreement in municipal court, defendant acknowledged drinking several beers and a shot of whiskey prior to operating a motor vehicle within Winfield Township on June 27, 2019.  He admitted his consumption of these beverages adversely effected his judgment, coordination, and ability to drive.  He also conceded refusing to submit to a breathalyzer test at the local police department.

On December 10, 2019, the municipal court judge sentenced defendant on the DWI charge to a three-month suspension of his driving privileges, twelve hours at the Intoxicated Driver's Resource Center (IDRC), and payment of a monetary fine and assessments. On the refusal charge, the municipal court judge imposed a separate monetary fine and additional assessments, another twelve hours at the IDRC, a minimum seven-month added suspension of defendant's driving privileges, and installation of an ignition interlock device for a period of thirteen-months.  The sentence on the refusal charge ran concurrent to the

2

sentence on the DWI charge. The municipal court judge stayed the sentences pending defendant's appeal to the Superior Court, Law Division.

On appeal to the Superior Court, Law Division, defendant agued the new sentencing provisions under N.J.S.A. 39:4-50 should be applied retroactively so he could be sentenced to installation of an ignition interlock device rather than suspension of his driver's license. Defendant also argued "an offense does not come into existence until there is a conviction, and a defendant does not become an offender until they are convicted."

In a July 10, 2020 order and written decision, the Law Division judge rejected defendant's arguments. He found defendant committed the DWI offense on June 27, 2019 and the revised penalties under the DWI statute applied prospectively to offenses occurring after December 1, 2019. Because defendant committed the offense five months prior to the effective date of the revised DWI statute, the Law Division judge concluded suspension of defendant's license was mandated.

The Law Division judge also held defendant's interpretation of the language in the revised DWI sentencing statute distorted the common definition and application of the terms "offense" and "offender." He concluded "[u]nder plain usage, an 'offense' is distinct from an 'offender.' An offense consists of

the transactions and occurrences comprising the acts violative of the statute. In contrast, an offender under N.J.S.A, 39:4-50.17 is a person who has been convicted of the offense."

At the sentencing hearing, the Law Division judge imposed the same sentences as the municipal court judge for the DWI and refusal charges. He stated the sentences would run concurrently. He also denied defendant's request for a stay of the sentences pending appeal to this court.[1]

On appeal, defendant raises the following arguments:

POINT I

> USE OF THE TERMS "OFFENSE" AND "OFFENDER" IN THE LEGISLATION ARE NOT AMBIGUOUS AND SHOULD BE INTERPRETED SO AS TO PERMIT DEFENDANTS IN CASES OPEN AND PENDING AT THE TIME OF THE BILL'S EFFECTIVE DATE TO ELECT WHETHER TO BE SENTENCED TO PENALTIES AS THEY EXISTED BEFORE OR AFTER THE DATE OF ADJUDICATION.

POINT II

> PUNISHMENTS REQUIRED BY AMELIORATIVE STATUTES MAY APPLY TO OFFENSES COMMITTED BEFORE BUT ADJUDICATED AFTER A STATUTE'S EFFECTIVE DATE.

---

[1] We denied defendant's application for an emergent stay in an October 5, 2020 order.

A-4400-19

POINT III

INTERPRETING THE TERM "OFFENSE" TO APPLY ONLY TO INCIDENTS COMMITTED ON OR AFTER DECEMBER 1, 2019, LEADS TO AN ABSURD RESULT, GIVEN THE LEGISLATURE'S FINDING AND DECLARATION THAT ALCOHOL IGNITION INTERLOCK DEVICES ARE MORE EFFECTIVE THA[N] DRIVING PRIVILEGE FORFEITURE.

POINT IV

GIVEN THE EX POST FACTO IMPLICATIONS WITH THE ENACTMENT OF NEW PENALTIES, DEFENDANTS CHARGED BEFORE DECEMBER 1, 2019, SHOULD BE GIVEN THE OPPORTUNITY TO CHOOSE WHETHER TO BE SENTENCED IN ACCORDANCE WITH PENALTIES IN EFFECT EITHER BEFORE OR AFTER DECEMBER 1, 2019.

After the Law Division judge issued his decision in this matter, we published our opinion in State v. Scudieri, A-0352-20 (App. Div. November 1, 2021) disposing of the same arguments raised by defendant in this appeal. To the extent defendant suggests his arguments are more nuanced than the arguments we reviewed and rejected in Scudieri, we disagree.

Here, defendant argues the delay between adoption of the revised DWI statute and its effective date supports application of the ignition interlock device penalty to offenses occurring prior to December 1, 2019. We addressed this argument in Scudieri, "observ[ing] the four-month gap between the law's

5

passing and the effective date was hardly an arbitrary or random decision. Rather, the law granted the New Jersey Motor Vehicle Commission time to 'take any anticipatory administrative action in advance of that date as shall be necessary to implement the provisions of this act.'" Id. slip op. at 5.

We also noted the potential for adverse consequences stemming from acceptance of the defendant's argument seeking "application of the new [DWI] sentencing laws to defendants . . . who committed offenses prior to the new law's enactment, but who are sentenced afterward." Id. slip op. at 6. We commented such a position would likely result in manipulation of sentencing dates, cause defendants in similar situations to be sentenced dissimilarly, and foster impermissible "judge shopping" by defendants seeking a purportedly more sympathetic judge for sentencing.[2] Ibid.

Additionally, defendant argues the revised DWI statute's use of the word "offense" and "offender" is clear and unambiguous, and the term "offender" is synonymous with the term "conviction." However, we rejected that argument in Scudieri. Id. slip op. at 8.

---

[2] Judge-shopping is "an attorney's attempt to have a particular judge try his or her case . . . ." Goldfarb v. Solimine, 460 N.J. Super. 22, 32 (App. Div. 2019), aff'd as modified and remanded, 245 N.J. 326 (2021). In Goldfarb, we held judge-shopping "may undermine public confidence in the impartial administration of justice." Ibid.

Contrary to defendant's argument, "offense" and "conviction" are not synonymous. The revised DWI statute applies specifically "to any offense occurring on or after [December 1, 2019]." N.J.S.A. 39:4-50. If the Legislature intended to apply the revised DWI statute for any conviction occurring after December 1, 2019, it would, and could, have so stated. See DiProspero v. Penn, 183 N.J. 477, 494 (2005) (quoting N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n. 6 (2002)) ("[T]he Legislature is presumed to be aware of judicial construction of its enactments.").

We affirm the sentences imposed for defendant's DWI and refusal convictions based on our decision in Scudieri. The Law Division judge's application of the DWI statute in effect as of June 27, 2019, the date defendant refused to take the breathalyzer and admitted to operating his car while intoxicated, was both proper and prescient.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4400-19